**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| RICHARD DALE TALBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-cv-0014-TWP-WGH |
| | ) | |
| SUSAN ORTH, et al., | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The motion to expedite [dkt 10] is granted consistent with the rulings and directions in this Entry.

2. The motion to seal [dkt 9] is **granted.**

   a. The clerk shall place the complaint [dkt 1] under seal.

   b. The clerk shall file and docket the proposed redacted complaint [dkt 9-1].

   c. A copy of the filed redacted complaint shall be included with the plaintiff's copy of this Entry.

   d. The redacted complaint shall be used for all purposes hereafter as the complaint unless specific arguments are presented concerning the allegations in paragraphs 22, 23, 29, 36, 38, and 40 of the original complaint. The original complaint will also be used as the basis for the screening which is required by 28 U.S.C. § 1915A(b).

3. The ruling in paragraph 2 of this Entry is provisional only, although no expiration date is established for keeping the original complaint under seal. It may be disputed whether the moving defendant has met the "rigorous justification" required to justify withdrawing the original complaint from public view. *In re Krynicki,* 983 F.2d 74, 75 (7th Cir. 1992). Even so, there is a procedural element in contemplating this step:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic

alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

*Virginia Dep't of State Police v. The Washington Post,* 386 F.3d 567, 576 (4th Cir. 2004)(internal citation omitted).

4. Two possible alternatives to the sealing of the original complaint suggest themselves at the outset.

   a. The first is that the plaintiff may be prepared to withdraw or amend the language in the specified paragraphs—amend the language in such a way as to remove the allegations which the moving defendant has found objectionable. The plaintiff shall have through April 18, 2014, in which to address that possibility in a report to the court.

   b. The second is that a motion to strike pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure* may entirely suffice. That possibility may be taken by the moving defendant if warranted by future circumstances in this case.

5. The plaintiff, as well as any member of the public, shall have through the close of business on April 18, 2014, in which to object to the sealing of the complaint as specified in paragraph 1 of this Entry. If an objection is filed, the court will direct further proceedings.

SO ORDERED.

Date: 03/20/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel
Richard Dale Talbott, 04894-028, Lexington FMC, Inmate Mail/Parcels, P. O. Box 14500, Lexington, KY 40512